UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
DON DOLENEC,                                          :

                         Plaintiff,        :

          -against-                                **MEMORANDUM AND ORDER**

                              :

PRESSLER & PRESSLER L.L.P.,                            12-CV-5500 (KNF)

                              :

                      Defendant.
--------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE


       The plaintiff commenced this action alleging unfair practices and false and misleading

representations, under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692f

and 1692e, and deceptive acts and practices, under New York General Business Law § 349.

Before the Court are the plaintiff's motions in limine to: (1) disqualify Mitchell L. Williamson,

Esq. ("Williamson") from representing the defendant, pursuant to Rule 3.7(a) of the New York

Rules of Professional Conduct; and (2) preclude the defendant's proposed trial exhibit Nos. 2, 3,

5, 6, 7, 10, 11, 13, 14, 25, 26, 27 and 28, pursuant to Rules 26 and 37 of the Federal Rules of

Civil Procedure.  The defendant opposes the motions.

<strong>MOTION TO DISQUALIFY WILLIAMSON</strong>

***Plaintiff's Contentions***

       The plaintiff contends that Williamson submitted the certification, in support of the

defendant's motion for summary judgment, through which he offered expansive, detailed factual

testimony regarding the plaintiff's default in a separate action, the defendant's debt collection

activities concerning the plaintiff and the investigation by the New York attorney general into

the defendant and "the junk process server" used by the defendant.  Based on that testimony, the

1

plaintiff named Williamson as a fact witness to be called to testify at trial during his case-in-chief. The plaintiff contends that Williamson's testimony is necessary to present fully his case at trial, since he possesses critical information beyond that of his role as counsel in this case and, as such, will be a key witness in the plaintiff's case-in-chief. According to the plaintiff, Williamson's testimony will be prejudicial to the defendant, including whether the defendant knew that the affidavit of service at issue in this action could have been fraudulent and when and how the defendant obtained that knowledge. Thus, a substantial likelihood exists that the testimony elicited from Williamson will be adverse to the defendant's factual assertions such that the defendant will have an interest in discrediting Williamson's testimony. The plaintiff asserts that the jury will be confused if Williamson "has to shuffle from counsel's table to the witness box during trial," and he should be disqualified from acting as the defendant's counsel.

***Defendant's Contentions***

The defendant contends that the motion to disqualify counsel should be denied because: (1) it is untimely, since the plaintiff knew about Williamson's involvement in the underlying matter prior to filing this action; and (2) the plaintiff "cannot meet the heavy burden of showing that Mr. Williamson's testimony is necessary and that there exists a substantial likelihood that the testimony would be prejudicial to Pressler." According to the defendant, the plaintiff's attorney knew that Williamson handled the Serves You Right matter as in-house defense counsel, but he waited, unduly, until the eve of trial to make a motion to disqualify counsel, which is a "tactical maneuver meant to cause delay to the Court and disadvantage to Pressler." The defendant asserts that no evidence exists that Williamson had any involvement in the defendant's collection activities, and Williamson's certification "was nothing more than a recitation of Pressler's books and records." The defendant maintains that "Williamson had no

2

personal conversations with any third parties regarding the circumstances in which the [Assurance of Discontinuance] was entered with the [New York attorney general]." The defendant asserts that, in support of its motion for summary judgment, it submitted a certification of Tara Russo ("Russo"), adopting all paragraphs of Williamson's certification, and she was designated as the defendant's witness under Rule 30(b)(6) of the Federal Rules of Civil Procedure. The plaintiff "was on notice that an alternative witness exists to address all of Pressler's books and records and anything contained in the Williamson Cert.," and he cannot maintain his claim that Williamson's testimony is necessary. The defendant contends that Williamson did not participate in the underlying collection activities and, to the extent that he participated in the defendant's "Assurance of Discontinuance," "all information is set forth in Pressler's books and records." Moreover, the plaintiff cannot show that a substantial likelihood exists that Williamson's testimony would be prejudicial, since "[t]here is nothing that was solely within the personal knowledge of Mr. Williamson," and his "knowledge" could not be prejudicial to the defendant. The defendant contends that disqualifying Williamson would delay the trial and impose substantial hardship on the defendant, since Williamson is an in-house counsel, and the defendant "does not have another attorney licensed in the Southern District of New York with (a) the years of experience, (b) the familiarity with the FDCPA and (c) the familiarity with the legal issues involved in this case as Mr. Williamson." According to the defendant, if Williamson is disqualified, it "would have no choice but to seek outside counsel and incur additional costs and expenses to replace the distinctive value of Mr. Williamson in FDCPA cases."

In support of the defendant's opposition to the instant motion, Williamson submitted his certification, stating:

My involvement in the Serves You Right Assurance of Discontinuance was limited to the communications documented via e-mail and previously produced to Plaintiff's counsel. Those documents speak for themselves and are part of Pressler's books and records. . . . The undersigned had no personal conversations with any third parties with respect to the AOD in the Serves You Right matter. . . . The Certification the undersigned previously submitted in support of Pressler's motion for summary judgment (ECF Doc. 17), was based upon knowledge obtained from Pressler's books and records. That certification was subsequently withdrawn and resubmitted by Pressler's Fed. R. Civ. P. 30(b)(6) witness.

***Plaintiff's Reply***

The plaintiff contends that the timing of his motion is a result of the defendant's failure to identify Williamson as a witness, as required by Rule 26(a) or (e) of the Federal Rules of Civil Procedure. The plaintiff asserts that it was not until Williamson submitted his certification in support of the defendant's motion for summary judgment that he was made aware of Williamson's potential to be a key witness for the plaintiff's case. According to the plaintiff, the defendant's contention that Williamson's testimony is not necessary and that his certification is "nothing more than a recitation of Pressler's books and records" is meritless because the defendant has not produced those records. Moreover, the defendant's Rule 30(b)(6) witness, Russo, is not an alternative witness to Williamson because she admitted during her deposition that "she was clueless regarding many critical events related to this case until Williamson enlightened her," and "[a]ny of Russo's limited, post-factum knowledge comes from Williamson." The plaintiff asserts that Williamson's testimony will be prejudicial to the defendant because "Pressler's success at trial will hinge largely on its ability to discredit Williamson." Since Williamson has argued that the defendant is free from any wrongdoing in this case and, at minimum, evidence exists that his assertion may be untruthful, given that the defendant's "Assurance of Discontinuance" states that the defendant obtained default judgments against consumers who were not properly served. The plaintiff asserts that, in light of the extent

4

of Williamson's personal knowledge regarding the defendant's actions with respect to the

plaintiff, he "should have anticipated this conflict and should have advised Pressler to obtain

outside counsel." Alternatively, when Williamson submitted his testimony in support of the

defendant's motion for summary judgment, another attorney for the defendant could have

stepped in easily, but the defendant chose to ignore the potential need for Williamson's

testimony. The plaintiff asserts that, given the number of attorneys affiliated with the defendant

and the limited record, it will not be difficult for another attorney to represent the defendant

adequately at trial, and "doing so will have the collateral benefit of allowing Williamson to

attend his 'pre-planned vacation.'"

*Discussion*

> A lawyer shall not act as advocate before a tribunal in a matter in which the lawyer
> is likely to be a witness on a significant issue of fact unless: (1) the testimony relates
> solely to an uncontested issue; (2) the testimony relates solely to the nature and value
> of legal services rendered in the matter; (3) disqualification of the lawyer would
> work substantial hardship on the client; (4) the testimony will relate solely to a
> matter of formality, and there is no reason to believe that substantial evidence will
> be offered in opposition to the testimony; or (5) the testimony is authorized by the
> tribunal.

> New York Rules of Professional Conduct, Rule 3.7(a), 22 New York Compilation
> of Codes, Rules and Regulations 1200.0.

"The authority of federal courts to disqualify attorneys derives from their inherent power to

'preserve the integrity of the adversary process.'" Hempstead Video, Inc. v. Inc. Village of

Valley Stream, 409 F.3d 127, 132 (2d Cir. 2005) (quoting Bd. of Educ. v. Nyquist, 590 F.2d

1241, 1246 (2d Cir. 1979)). "The advocate-witness disqualification rules contained in the [New

York Rules of Professional Conduct] provide guidance, not binding authority, for courts in

determining whether a party's law firm, at its adversary's instance, should be disqualified during

litigation." S & S Hotel Ventures Ltd. P'ship v. 777 S.H. Corp., 69 N.Y.2d 437, 440, 515

5

N.Y.S.2d 735, 736 (1987).  "The right to counsel of choice is not absolute and may be

overridden where necessary."  Id. at 443, 515 N.Y.S.2d at 738.  The New York Rules of

Professional Conduct have "rooted disqualification of a lawyer-witness in the concept that a

lawyer's professional judgment should be exercised for the client's benefit, free of

compromising influences and loyalties."  Id.  at 444, 515 N.Y.S.2d at 738.  "Disqualification

may be required only when it is likely that the testimony to be given by the witness is

necessary."  Id. at 445-46, 515 N.Y.S.2d at 739.  "Because the courts must guard against tactical

use of motions to disqualify counsel, they are subject to fairly strict scrutiny, particularly

motions" based on the witness-advocate rule.  Lamborn v. Dittmer, 873 F.2d 522, 531 (2d Cir.

1989) (internal citation omitted).  The Second Circuit Court of Appeals summarized the policies

behind the witness-advocate rule as follows:

> We have identified four risks that Rule 3.7(a) is designed to alleviate: (1) the lawyer
> might appear to vouch for his own credibility; (2) the lawyer's testimony might place
> opposing counsel in a difficult position when she has to cross-examine her lawyer-
> adversary and attempt to impeach his credibility; (3) some may fear that the
> testifying attorney is distorting the truth as a result of bias in favor of his client; and
> (4) when an individual assumes the role of advocate and witness both, the line
> between argument and evidence may be blurred, and the jury confused.  These
> concerns matter because, if they materialize, they could undermine the integrity of
> the judicial process.
>
> Murray v. Metro. Life Ins. Co., 583 F.3d 173, 178 (2d Cir 2009) (internal citation
> omitted).

Timeliness of the Plaintiff's Motion

The defendant knew, on October 15, 2014, that the plaintiff intends to call Williamson as

a witness, since the plaintiff indicated his intent to do so in the parties' joint pretrial order.  The

defendant made no effort to seek a protective order or otherwise address the potential conflict

presented by Williamson's status as an attorney-witness that the plaintiff's announcement of his

intent to call Williamson to testify raised. The defendant failed to make citation to any binding authority for the proposition that the timing of a motion in limine to disqualify counsel might bar the motion, and the Court finds none. While the timing of a motion to disqualify is considered by the courts when scrutinizing the motion for any "attempt to attain disqualification" for strategic purposes, Allegaert v. Perot, 565 F.2d 246, 251 (2d Cir. 1977), no tactical reason for making the motion in limine to disqualify Williamson at this time can be discerned by the Court here. That is so because the plaintiff did not sit idly when Williamson filed his certification in support of the defendant's motion for summary judgment, on January 10, 2014. The plaintiff made a motion to strike Williamson's certification, and the defendant opposed it, on March 17, 2014, arguing that "plaintiff's attempt to portray Williamson as 'a primary defense witness' is misguided at best, an attempt to mislead at worst," because "no material issue of fact [exists] before the Court which would require the testimony of Mr. Williamson." (Docket Entry No. 41). Moreover, subsequent to the plaintiff's motion to strike Williamson's certification, Williamson filed another certification, (Docket Entry No. 40), on March 15, 2014, in which he made additional factual assertions, based on personal knowledge, concerning the New York attorney general's investigation of the process serving company Serves Your Right and the defendant. It does not appear from the record that either certification has been withdrawn, as the defendant contends. The plaintiff's motion to strike Williamson's certification was denied, on April 9, 2014, by the same order denying the parties' motions for summary judgment because "[t]here are triable issues regarding notice, service, deception, and others." Thus, the defendant knew, at least since March 2014, that a question about Williamson's status as a potential witness existed, and, since April 9, 2014, that material issues of triable fact exist "regarding notice, service, deception, and others." Subsequent to the denial of the plaintiff's motion to strike and the

7

parties' summary judgment motions, the October 10, 2014 scheduling order provided the date by which to make in limine motions.  Black's Law Dictionary defines the adjective "in-limine" as follows: "(Of a motion or order) raised preliminarily, esp. because of an issue about the admissibility of evidence believed by the movant to be prejudicial <in-limine motion>."  Black's Law Dictionary 907 (10th ed. 2014).  The plaintiff used the first opportunity, subsequent to the denial of his motion to strike and the parties' summary judgment motions, to raise the issue of Williamson as an attorney-witness by making his motion in limine to disqualify him.  The plaintiff's in limine motion to disqualify counsel, made on October 24, 2014, is timely because it was made in compliance with the scheduling order, directing that any such motions be made on or before October 24, 2014.

Whether Williamson Is Likely To Be a Witness on a Significant Issue of Fact

In the parties' October 15, 2014 joint pretrial order, the plaintiff indicated his intent to call Williamson as a witness.  Thus, it is certain that Williamson will be a witness in the plaintiff's case-in-chief.  In his certification, submitted in support of the defendant's summary judgment motion, Williamson provided extensive factual details about the defendant's acts in connection with the underlying debt collection that are relevant and material to the plaintiff's claims in this action.  He made these factual assertions "based on both personal knowledge and a review of Pressler's records and files."  Williamson's statement, in his certifications, that his contentions in support of the defendant's motion for summary judgment are made based on personal knowledge is contradicted by his statement, in opposition to the instant motion, that those same contentions were made solely based on the defendant's books and records.  Since the defendant failed to produce to the plaintiff documents or information contained in its "books and records," and because Williamson submitted another certificate, subsequent to Russo's, which

8

Russo did not adopt in her own certification, it cannot be said "that an alternative witness exists to address all of Pressler's books and records and anything Mr. Williamson contained in the Williamson Cert." Although Williamson now denies personal knowledge that he expressly asserted previously, under oath, such a denial only raises significant factual and credibility issues that the plaintiff should be able to explore with Williamson at trial. Since Williamson was involved personally and directly with the attorney general's investigation, at the heart of this litigation, his testimony is necessary. Moreover, given the issues raised by Williamson's certifications, including his credibility, a substantial likelihood exists that his testimony at trial might be adverse to the defendant and that the defendant would have an interest in discrediting him. Accordingly, the Court finds that Williamson will testify about significant issues of fact and his testimony is necessary.

Whether Any Exception to Rule 3.7(a) Applies

Williamson's testimony on a significant issue of fact is not related solely to an uncontested issue and it does not relate: (a) to the nature and value of legal services rendered in the matter; or (b) solely to a matter of formality. The defendant contends that disqualification would work a substantial hardship on the client because disqualifying Williamson at this time "would undeniably delay the trial," and, given that the defendant has no other attorney who is as experienced and familiar with this action as Williamson, it would have to seek outside counsel to conduct the trial. The defendant's argument that substantial hardship would attend it if Williamson is disqualified because it would need to hire outside counsel and delay the trial is rejected as meritless. The defendant was on notice, at least since October 15, 2014, that the plaintiff intends to call Williamson to testify and that a possibility of a potential conflict existed, and it had sufficient time familiarizing another in-house attorney with this simple and

9

straightforward action involving a limited record or engage outside counsel if it found that to be appropriate. Moreover, Williamson knew that he had a "pre-paid family trip, scheduled on August 18th, starting December 6th through the 13th," as he advised the Court in his November 6, 2014 letter, seeking that the trial "be recessed for the following week," should it extend beyond December 5th. Since the defendant knew, on October 9, 2014, when the trial date was set, that Williamson's availability to conduct the trial was limited, due to his prepaid family trip, and it knew, on October 15, 2014, that the plaintiff intends to call Williamson as a witness, the defendant had sufficient notice to prepare to replace Williamson with another in-house attorney should he have to absent himself from the December 2, 2014 trial, either because of Williamson's prepaid family trip or his attorney-witness conflict, or to engage outside counsel, if it determined that was appropriate. The defendant seemingly had no concern for a possible delay of the trial and the hardship of preparing another attorney to replace Williamson, in his absence, due to his prepaid family trip. Expressing such concern now, by asserting that replacing Williamson with outside counsel, due to the attorney-witness conflict, would impose substantial hardship on it, is untimely and insufficient to establish that a substantial burden would be visited on it. The Court finds that no good cause exists to delay the trial and the defendant failed to establish that substantial hardship would attend it. Accordingly, disqualifying Williamson is warranted under the circumstances of this case.

### MOTION TO PRECLUDE CERTAIN DEFENDANT'S TRIAL EXHIBITS

*Plaintiff's Contentions*

The plaintiff contends that the defendant's proposed exhibit Nos.: (a) 2, 3, 5, 6, 7, 10, 11, 13, 14, consisting of the defendant's letters; and (b) 25, 26, 27 and 28, consisting of the cover page and selected deposition transcripts pages, are irrelevant to the claims and defenses in this

action.  The plaintiff maintains that "the jury will be asked to decide whether [the defendant]

violated the FDCPA by giving Dolenec the option to have the default judgment lifted if he

waived his statute of limitations defense to the underlying action, and also by maintaining that

service on Dolenec was good and the subject affidavit of service was legitimate and truthful."

The plaintiff asserts that the defendant's letters contain immaterial information and will confuse

the jury.  Moreover, the deposition transcript pages should be precluded because the defendant

cannot present deposition testimony instead of live testimony absent showing that the witnesses

are unavailable, and no such showing has been made.

### *Defendant's Contentions*

> The defendant contends it

> sent every correspondence to Plaintiff to the Broome Street address until March
> 2011. This is highly relevant to this case because every envelope Pressler utilizes
> contains the phrases "Address Service Requested."  It was not until March 2011,
> when Pressler, for the first time, received notification from the United States Postal
> Office that the Broome Street address was no longer valid and that the mail was now
> being forwarded to an address in California.  Plaintiff's contention is that "after
> failing to investigate whether Dolenec had actually been served" Pressler maintained
> that . . . service on Dolenec was good and the subject affidavit of service was
> legitimate and truthful. . . . Pressler's proposed exhibits 2, 3, 5, 6, 7, 10, 11, 13 and
> 14 (the "Letter Exhibits") demonstrate a series of correspondence to the Broome
> Street address without any indication that the address was invalid.  This is directly
> relevant  to a claim that there was a complete failure to investigate the integrity of
> the affidavit of service.

According to the defendant, no requirement exists that a formal inquiry of the process server be

made before tendering  its opposition to the plaintiff's motion for an order to show cause in the

underlying collection action.  The defendant asserts that the correspondence the plaintiff seeks to

exclude has a tendency to make it more likely than not that the defendant had a reason to believe

service was made in accordance with the affidavit of service such that no further investigation

was needed, which goes to the heart of the plaintiff's assertion that no investigation was done

regarding the sufficiency of service. Moreover, the exhibits are not cumulative, confusing or misleading because they are directly relevant to the plaintiff's allegations that the defendant failed to investigate the propriety of service on the plaintiff in the underlying debt collection action. According to the defendant, the exhibits sustain its position that the plaintiff cannot prove that the defendant should have known the affidavit of service was false and that it had a reasonable belief that the service was good. The defendant asserts that the letters are not cumulative because they will "show the continued mailings to the Broome Street address without return by the USPS until March 2011."

Concerning the defendant's proposed exhibit Nos. 25 through 28, deposition transcripts of anticipated witnesses Curtis Duncan ("Duncan"), Steven Braun ("Braun"), Russo and Mitchel Zipkin ("Zipkin"), the defendant does not anticipate that Braun, Russo or Zipkin will be unavailable witnesses. The defendant asserts that it will not use deposition designations with respect to these witnesses. The defendant intends to subpoena Duncan to appear at trial, but anticipates that his presence would not be obtained. Based on the prior difficulty in securing Duncan's attendance at a deposition, the defendant requests that the Court reserve its determination whether Duncan is unavailable until the time of trial and preserve the defendant's right to use any prior deposition testimony for any purpose allowed by the Federal Rules of Evidence.

**_Plaintiff's Reply_**

The plaintiff contends that his claims arise from the defendant's reliance on a false affidavit of service to obtain a default judgment against him. According to the plaintiff, the defendant "proposes to present the Letter Exhibits to demonstrate a series of correspondences with an address that may or may have not been [his] to mask the fact that, if Pressler had

12

conducted even an ounce of due diligence in this matter, it would have learned that the affidavit

was a sham." The plaintiff asserts that the letter exhibits are irrelevant, cumulative and

misleading, and the defendant "seeks to bog the jury with over a dozen unauthenticated

communications in an effort to gloss over their [sic] incompetent attempt at due diligence." The

plaintiff contends that he is not aware of any action by the defendant to subpoena or otherwise

secure Duncan's presence at trial, and it should not be able to rely on Duncan's testimony unless

it shows that Duncan is unavailable.

### *Discussion*

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than

it would be without the evidence; and (b) the fact is of consequence in determining the action."

Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. "The court may

exclude relevant evidence if its probative value is substantially outweighed by a danger of one or

more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay,

wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

"At a hearing or trial, all or part of a deposition may be used against a party on these

conditions: (A) the party was present or represented at the taking of the deposition or had

reasonable notice of it; (B) it is used to the extent it would be admissible under the Federal Rules

of Evidence if the deponent were present and testifying; and (C) the use is allowed by Rule

32(a)(2) though (8)." Fed. R. Civ. P. 32(a)(1).

> A party may use for any purpose the deposition of a witness, whether or not a party,
> if the court finds: (A) that the witness is dead; (B) that the witness is more than 100
> miles from the place of hearing or trial or is outside the United States, unless it
> appears that the witness's absence was procured by the party offering the deposition;
> (C) that the witness cannot attend or testify because of age, illness, infirmity, or
> imprisonment; (D) that the party offering the deposition could not procure the
> witness's attendance by subpoena; or (E) on motion and notice, that exceptional

circumstances make it desirable—in the interest of justice and with due regard to the importance of live testimony in open court—to permit the deposition to be used."

Fed. R. Civ. P. 32(a)(4).

The defendant's proposed exhibit Nos. 2, 3, 5, 6, 7, 10, 11, 13 and 14 are relevant because they tend to show that the defendant's letters to the plaintiff were directed to him at the same, Broome Street address.  In particular, the proposed exhibit No. 14, the defendant's February 4, 2011 letter directed to the plaintiff at the same Broome Street address, includes a United States Postal Service form, indicating Broome Street as an "old" address for the plaintiff and listing his "new" address in California.  The defendant's proposed exhibit No. 14 has the tendency to show the time when the defendant learned that the plaintiff's alleged Broome Street address is "old" and that he has a "new" address.  Although the defendant's proposed exhibit Nos. 2, 3, 5, 6, 7, 10, 11 and 13, consisting of the defendant's letters to the plaintiff preceding in time the letter contained in the defendant's exhibit No. 14, do not establish by themselves that the plaintiff's alleged Broome Street address was valid, they tend to establish the defendant's continuous mailing of its letters to the plaintiff to that address.  Moreover, if accompanied by testimony of a witness that none of the letters preceding the defendant's proposed exhibit No. 14 had returned to the defendant, the defendant's proposed exhibit Nos. 2, 3, 5, 6, 7, 10, 11 and 13, together with any such testimony, if credited by the jury, will tend to show that the Broome Street address was the plaintiff's valid address.  The Court finds that the defendant's proposed exhibit Nos. 2, 3, 5, 6, 7, 10, 11, 13 and 14 are relevant.

In his memorandum of law, the plaintiff contended: "In addition, even if evidence is relevant, the Court has the discretion 'to exclude . . . evidence for the purpose of keeping the record reasonably free of evidence that [is] cumulative, confusing, misleading or irrelevant to the

issues the jury [is] to decide.' *United States v. Stewart*, 433 F.3d 273, 313 (2d Cir. 2006)." However, the plaintiff failed to make any argument that the proposed evidence is cumulative or to explain how it would confuse the jury. The plaintiff's assertion, without more, that the defendant "seeks to bog the jury down with over a dozen unauthenticated communications," is insufficient to show that the documents are cumulative, confusing or misleading. Furthermore, the plaintiff makes no citation to any authority requiring the defendant to authenticate the proposed evidence before the trial.

The defendant's proposed exhibit Nos. 25, 26, 27 and 28, are excluded because the defendant failed to show that their introduction at trial is warranted by either the Federal Rules of Civil Procedure or Federal Rules of Evidence.

### *Conclusion*

For the foregoing reasons, the plaintiff's motion in limine: (1) Docket Entry No. 62, is granted; and (2) Docket Entry No. 60, is denied, in part, and granted, in part.

Dated: New York, New York
       November 24, 2014

SO ORDERED:

Kevin Nathaniel Fox

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE